### 2463. McLIN *v.* CITY OF GRIFFIN.

The finding of the judge of the police court, that the defendant had violated the city ordinance, in having on hand intoxicating liquor for the purpose of sale, is without any evidence to support it.

Certiorari; from Spalding superior court—Judge Reagan. January 17, 1910.

Submitted March 9,—Decided April 6, 1910.

*Cleveland & Goodrich,* for plaintiff in error.

*W. E. H. Searcy Jr.,* contra.

HILL, C. J.  Mrs. R. C. McLin was convicted, in the police court of the city of Griffin, of a violation of the city ordinance which prohibits the keeping of intoxicating liquor for sale. She petitioned for a writ of certiorari, which was granted, and on the hearing of the certiorari by the superior court it was overruled. The only error complained of is that the finding of the police court

was without any evidence to support it. The evidence, briefly stated, is as follows: Mrs. Culpepper testified that she and her husband were coming from a circus, and he put her in a hack and walked; that she followed him and kept her eye on him and saw him go into the house of the defendant, and he came out from the back of the house and had two quart bottles of corn whisky in his hip-pocket; he had no whisky at the circus; she did not see him buy whisky from the defendant, and did not see the defendant sell any whisky. A police officer testified, that on the same evening he searched the house where the defendant lived, and found two quart bottles of corn whisky in a hand-grip; that the husband of the defendant claimed the whisky, and it was turned over to him; that he never saw the defendant's husband but twice, and he was drunk both times. The defendant lived at the house with her husband. Another policeman testified that Mr. Culpepper told him that he got the whisky at the house where the defendant lived, but did not buy it from her; that he did not buy it from any one. This is all the evidence for the State. The defendant stated, in her own behalf, that she had never sold any whisky to Mr. Culpepper; that he came to her house on the evening in question and bought a bottle of coca-cola, and went to the well to get some water; and that the whisky found in the house belonged to her husband, who was not at home on that evening. Another witness, a woman who was working in the house at the time, testified that Mr. Culpepper bought a bottle of coca-cola and went out of the back door of the house to the well, and she did not see the defendant sell him any whisky. Culpepper testified that he did not buy any whisky from the defendant at that time or at any other time.

We think the evidence wholly insufficient to support the finding of the court. Indeed, we do not see how any inference of guilt could be drawn from the evidence. It is probable that there is some fact which does not appear in the record, upon which the judge of the police court based his finding. This court is bound by what appears in the record, and there is no fact or circumstance in the record which tends to show that the defendant had in her possession intoxicating liquor for the purpose of sale. The finding of the two bottles of corn whisky in the house by the police officer was in no sense an incriminatory circumstance, even without any explanation. Any inference of guilt that might arise from the pos-

session of the whisky was against the husband, and not the wife; and if in fact Culpepper got the two bottles of whisky from the house in the absence of the husband on the evening in question, there is nothing to indicate that he got the whisky from the defendant, any more than that he got it from the other person who was in the house at the same time. Without discussing the question further, we think there is no evidence upon which to base the finding; and for that reason we are constrained to reverse the judgment overruling the certiorari.      *Judgment reversed.*